731 S.E.2d 897

### SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Respondent,

v.

Janell P. REVELS and R.J. Poston, Jr., Landowners, and John Doe and Mary Roe, representing all unknown persons having or claiming to have any right, title or interest in or to, or lien on the lands described herein, including all unknown heirs of Reamer J. Poston, Sr. a/k/a/ R.J. Poston Sr., deceased, Unknown Claimants,

Of whom Janell P. Revels and R.J. Poston are, Appellants.

Appellate Case No. 2010–158646.

No. 5010.

Court of Appeals of South Carolina.

Heard March 14, 2012.

Decided July 25, 2012.

Gene M. Connell, Jr., of Kelaher, Connell & Connor, P.C., of Surfside Beach, for Appellants.

Beacham O. Brooker, Jr., of the South Carolina Department of Transportation, of Columbia, for Respondent.

LOCKEMY, J.

In this appeal from a condemnation action, Janell P. Revels and R.J. Poston, Jr. (the Appellants) argue the circuit court erred in finding they were entitled to attorney's fees based on an hourly rate rather than a contingency fee agreement. We affirm.

## FACTS/PROCEDURAL BACKGROUND

On August 6, 2007, the South Carolina Department of Transportation (SCDOT) served the Appellants with a notice of condemnation.[1] SCDOT subsequently offered the Appellants $40,300 for their property. In June 2009, the case proceeded to a jury trial where the Appellants prevailed and were awarded $125,000.

On June 23, 2009, the Appellants filed an application for attorney's fees and costs pursuant to section 28–2–510(B)(1) of the South Carolina Code (2007). The Appellants sought $28,233.33 in attorney's fees and $6,643.91 in costs pursuant to a contingency fee agreement with their attorney. The agreement provided that the Appellants' attorney agreed to represent them on a contingency fee basis of one-third of the gross amount collected over SCDOT's offer of $40,300. During a hearing before the circuit court, the Appellants argued the court should determine whether the requested contingent attorney's fees were reasonable based on the factors set forth in *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997). SCDOT argued the contingency fee agreement should not be considered, but rather fees should be calculated based upon the lodestar analysis set forth in *Layman v. State*, 376 S.C. 434, 658 S.E.2d 320 (2008).

In a March 1, 2010 order, the circuit court determined attorney's fees should be based on an hourly rate rather than on the contingency fee agreement between the Appellants and their attorney. Citing the six *Jackson* factors, the circuit court determined Appellants' attorney was entitled to compensation at the rate of $300 per hour for a total of $16,290.[2] The circuit court subsequently denied the Appellants' motion for reconsideration. In its order denying the Appellants' motion, the court found the *Jackson* factors were not applicable. The court also found the Appellants' request for a determination that its contingency fee agreement was reasonable was not applicable in light of *Layman*. This appeal followed.

---

1. According to the Appellants' brief, the condemnation notice provided that SCDOT was acquiring .314 acres of the Appellants' property for the construction of the U.S. Highway 378 relocation.

2. The circuit court also awarded the Appellants $6,643.91 in costs. The costs awarded are not at issue in this appeal.

## STANDARD OF REVIEW

 "The decision to award or deny attorneys' fees under a state statute will not be disturbed on appeal absent an abuse of discretion." *Kiriakides v. School Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009) (citing *Layman v. State*, 376 S.C. 434, 444, 658 S.E.2d 320, 325 (2008)). "An abuse of discretion occurs when the conclusions of the [circuit] court are either controlled by an error of law or are based on unsupported factual conclusions." *Id.* "Similarly, the specific amount of attorneys' fees awarded pursuant to a statute authorizing reasonable attorneys' fees is left to the discretion of the trial judge and will not be disturbed absent an abuse of discretion." *Id.*

## LAW/ANALYSIS

### *Layman v. State*

The Appellants argue the circuit court erred in relying on *Layman v. State*, 376 S.C. 434, 658 S.E.2d 320 (2008). We disagree.[3]

 "Under the 'American Rule,' the parties to a lawsuit generally bear the responsibility of paying their own attorneys' fees." *Layman*, 376 S.C. at 451, 658 S.E.2d at 329. South Carolina and other jurisdictions "recognize numerous exceptions to this rule, including the award of attorneys' fees pursuant to a statute." *Id.* at 451–52, 658 S.E.2d at 329. "A statutory award of attorneys' fees is typically authorized under what is known as a fee-shifting statute, which permits a prevailing party to recover attorneys' fees from the losing party." *Id.* at 452, 658 S.E.2d at 329.

In *Layman*, participants in the Teachers and Employee Retention Incentive (TERI) brought a class action suit against the State and the South Carolina Retirement System alleging

---

3. The Appellants also argue they are entitled to attorney's fees based upon their contingency fee agreement in order to satisfy the "just compensation" to which they are entitled under the South Carolina Constitution. Because the Appellants failed to raise this argument to the circuit court, it is not preserved for our review. *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) (holding issues must be raised to and ruled upon by the circuit court to be preserved for appellate review).

breach of contract as a result of the State collecting retirement contributions from their paychecks. 376 S.C. at 441, 658 S.E.2d at 323–24. The plaintiffs argued the court's instructions to consider the "benefit to all old TERI participants" in awarding attorney's fees made the determination of a reasonable award analogous to cases in which attorney's fees were awarded from a common fund. *Layman*, 376 S.C. at 453, 658 S.E.2d at 330. The plaintiffs argued that even though the applicable state action statute, section 15–77–300 of the South Carolina Code (Supp.2011), shifts the source of attorney's fees to the State, the court should find that the circuit judge properly awarded attorney's fees based on the percentage-of-the-recovery approach typically utilized when the source of attorney's fees is spread among the beneficiaries of a common fund. *Id.*

Our supreme court disagreed with the plaintiffs, holding "that because the state action statute shifts the source of the prevailing party's attorneys' fees to the losing party, an award of fees based on a percentage of the prevailing party's recovery is improper." *Id.* at 455, 658 S.E.2d at 331. The court noted:

[U]tilizing common fund methodology when awarding attorneys' fees pursuant to a fee-shifting statute is wholly inappropriate in light of the underlying theoretical distinction between a common fund source of attorneys' fees and a statutory source of attorneys' fees. Although both sources are exceptions to the general rule that each party is responsible for the party's own attorneys' fees, the common fund doctrine is based on the equitable allocation of attorneys' fees among a benefited group, and not the shifting of the attorneys' fee burden to the losing party. This Court certainly acknowledges that a percentage-of-the-recovery approach may be appropriate under circumstances in which a court is given jurisdiction over a common fund from which it must allocate attorneys' fees among a benefited group of litigants. However, where, as here, a fee-shifting statute shifts the source of reasonable attorneys' fees entirely to the losing party, we find it both illogical and erroneous to calculate fees using the methodology justified under a fee-spreading theory.

■ *Id.* at 453–454, 658 S.E.2d at 330. The court found a lodestar analysis was the proper method for determining an award of reasonable attorneys' fees under the state action statute. *Id.* at 457, 658 S.E.2d at 332. "A lodestar figure is designed to reflect the reasonable time and effort involved in litigating a case, and is calculated by multiplying a reasonable hourly rate by the reasonable time expended." *Id.*

■ Here, the Appellants argue *Layman* is not applicable because the state action statute at issue in *Layman,* section 15–77–300, is not at issue in the present case. They contend the Eminent Domain Procedure Act[4] (the Act) provides the proper procedure for determining reasonable litigation expenses. SCDOT argues the analysis in *Layman* is not limited to section 15–77–300, but also applies to the Act.

The Act provides the procedural guidelines for determining just compensation with regards to the exercise of the power of eminent domain. Pursuant to the Act, a landowner who prevails in the trial of a condemnation action, in addition to his compensation for the property, may recover his "reasonable litigation expenses." S.C.Code Ann. § 28–2–510(B)(1) (2007). "Litigation expenses" are defined in the Act as

the reasonable fees, charges, disbursements, and expenses necessarily incurred from and after service of the Condemnation Notice, including, but not limited to, reasonable attorney's fees, appraisal fees, engineering fees, deposition costs, and other expert witness fees necessary for preparation or participation in condemnation actions and the actual cost of transporting the court and jury to view the premises.

S.C.Code Ann. § 28–2–30(14) (2007). In any application for attorney's fees under the Act, the landowner

shall show that [he] has prevailed, state the amount sought, and include an itemized statement from an attorney or expert witness representing or appearing at trial in behalf of the landowner stating the fee charged, the basis therefor, the actual time expended, and all actual expenses for which recovery is sought.

S.C.Code Ann. § 28–2–510(B)(1) (2007). The court can, in its discretion, reduce or deny the amount to be awarded if it

---

4. S.C.Code Ann. §§ 28–2–10 to –510 (2007).

determines the landowner "engaged in conduct which unduly and unreasonably protracted the final resolution of the action or to the extent the court finds that the position of the condemnor was substantially justified or that special circumstances make an award unjust." *Id.*

We find *Layman* is controlling in this case. Here, section 28–2–510, like section 15–77–300, shifts the source of the prevailing party's attorney's fees to the losing party, the State. According to *Layman*, it is improper to award a percentage-of-the-recovery as fees under a statute that shifts the source of attorney's fees to the losing party. Furthermore, as the court explained in *Layman*, it is improper to award a percentage-of-the-recovery under a statute that explicitly requires an attorney to state his hours. The *Layman* court found:

> [A]n award based on a percentage of the TERI plaintiffs' recovery is inconsistent with the express terms of the statutory scheme. Although the state action statute neither requires that attorneys' fees be awarded based on an hourly rate, nor places a numerical cap on attorneys' fees, we find it significant that the statute provides that attorneys' fees assessed to the state agency may only be paid 'upon presentation of an itemized accounting of the attorney's fees.' S.C.Code Ann. § 15–77–330 (2005). In our opinion, the requirement of an 'itemized accounting' squarely contradicts the utilization of the percentage-of-the-recovery method in awarding attorneys' fees under the statute.

376 S.C. at 454, 658 S.E.2d at 330–31. Like section 15–77–300, section 28–2–510(B)(1) requires the presentation of an itemized statement from an attorney detailing his fee, hours, and expenses. As the *Layman* court found, this requirement "squarely contradicts" the percentage-of-the-recovery approach.

We also note the United States District Court for the District of South Carolina recently discussed *Layman* in *Sauders v. South Carolina Public Service Authority*, 2011 WL 1236163 (D.S.C.2011). In *Sauders*, the District Court found the plaintiffs' contingency fee agreement was merely one of many factors to be taken into consideration in determining the reasonable amount of attorneys' fees due to the plaintiffs arising out of their inverse condemnation claims pursuant to

section 28–11–30 of the South Carolina Code (Supp.2011).[5] Citing *Layman*, the *Sauders* court gave "enhanced consideration" to the actual amount of work performed, the customary legal fees for similar services, and the benefit obtained for all plaintiffs. *Sauders*, 2011 WL 1236163 at 7. The District Court noted that "[e]mphasizing these criteria remains consistent with awarding fees pursuant to a fee-shifting statute." *Id.*

Accordingly, we find the circuit court did not err in relying on *Layman*.

### *Jackson v. Speed*

The Appellants argue the circuit court erred in failing to determine whether the requested attorney's fees were reasonable pursuant to *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997). We disagree.

■ In *Jackson*, our supreme court held that "[w]hen determining the reasonableness of attorney's fees under a statute mandating the award of attorney fees, the contract between the client and his counsel does not control the determination of a reasonable hourly rate." 326 S.C. at 308, 486 S.E.2d at 759. The court held the following six factors should be considered when determining a reasonable attorney's fee: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." *Id.* at 308, 486 S.E.2d at 760.

Here, the circuit court, in its order, stated

I have taken into consideration the following items in reaching a decision in this matter:

a) Major extent and difficulty of the case;

b) Time necessarily devoted to the case;

a) Professional standing of counsel;

d) Contingency of compensation; and

e) Beneficial results obtained.

---

**5.** Section 28–11–30 deals with reimbursement for property owners for certain expenses under the relocation assistance chapter. S.C.Code Ann. § 28–11–30 (Supp.2011).

Based on the factors set forth above, I do find that [the Appellants are] entitled to an award of attorney's fees but that the attorney's fees should be based on an hourly rate rather than on a contingency fee agreement between [the Appellants'] attorney and his client[s].

In their motion for reconsideration, the Appellants argued the circuit court's ruling did not address any of the *Jackson* factors the court must consider in awarding attorney's fees. Subsequently, in its order denying the Appellants' motion for reconsideration, the circuit court found the *Jackson* factors were not applicable. The court further stated that the Appellants' "request for attorney's fees and whether or not a contingent attorney fee under S.C.Code Ann. § 28–2–510(B) are reasonable are not applicable in light of the *Layman* decision."

On appeal, the Appellants contend that although the circuit court cited the six *Jackson* factors in its order, it relied on the factors "only in determining the lodestar multiplier" and did not rule whether the Appellants' agreed upon contingency fee was reasonable under the Act. Relying on *Vick v. South Carolina Department of Transportation,* 347 S.C. 470, 556 S.E.2d 693 (Ct.App.2001), the Appellants argue the circuit court should have first determined whether the requested attorney's fees were reasonable in accordance with the *Jackson* factors.

In *Vick,* a property owner brought an inverse condemnation action against SCDOT, alleging damage to a private road. 347 S.C. at 475, 556 S.E.2d at 696. After a finding by the master-in-equity that the road was privately owned and had not been dedicated to the public, the circuit court entered judgment on the jury verdict and awarded Vick, the property owner, attorney's fees pursuant to section 28–2–510(A). *Id.* at 476, 556 S.E.2d at 696. After the trial, Vick's attorney submitted an affidavit stating that he had worked for Vick in the past at an hourly rate of $130, but in this case the fee agreement called for a one-third contingency fee. *Id.* at 483, n. 6, 556 S.E.2d at 700, n. 6. Vick's attorney stated that he spent 137.2 hours on this matter, plus 59.1 hours by an associate, and 7.7 hours of paralegal time. *Id.* The circuit court awarded Vick $41,425.00 in attorney's fees. *Id.* SCDOT

appealed and this court found that "[t]o the extent SCDOT asserts the attorney fees are excessive because they exceed the amount that would be due on an hourly basis, this issue also was not preserved. . . . In any event, the award was not error." *Id.* at 483, 556 S.E.2d at 700. Based upon the *Jackson* factors, this court found that the "circuit judge's order in this case shows that he considered these factors in determining a figure he believed constituted reasonable compensation." *Id.* at 484, 556 S.E.2d at 701.

Here, the circuit court was not required to first make a determination regarding the reasonableness of the contingency fee agreement. The South Carolina District Court recently analyzed *Vick* in *Sauders.* The *Sauders* court held that although this court's language in *Vick* concerning the amount of reasonable attorney's fees was dicta because the issue was not preserved for appeal, the discussion in *Vick* was relevant to determining the method of attorney's fees. 2011 WL 1236163 at 5. The District Court found *Vick* "demonstrates that after analyzing the six factors a court should consider in determining a reasonable attorney's fee, a court could conclude that a reasonable attorney's fee under the circumstances of the particular case is an amount close to or equal to the contingency fee contract." *Id.* However, the District Court noted "*Vick* does not hold that the contingency fee contract controls the determination of what is a reasonable attorney's fee in an inverse condemnation action." *Id.* The District Court noted that "South Carolina law specifically rejects the notion that a contingency fee contract controls a court's determination of reasonable attorneys' fees due to a plaintiff pursuant to a statute mandating the award of attorney's fees." *Id.*

Accordingly, in light of *Layman* and *Sauders,* we find the circuit court was not required to first determine the reasonableness of the Appellants' contingency fee agreement.

**Consideration of Fee Agreement**

Relying on *Kiriakides v. School District of Greenville County,* 382 S.C. 8, 675 S.E.2d 439 (2009), the Appellants argue a contingency fee agreement between a landowner and his attorney must be considered by the court when determining reasonable attorney's fees. The Appellants contend it is contradictory for SCDOT to argue the circuit court should not

consider the Appellants' contingency fee agreement when, in *Kiriakides,* the condemnor argued the contingency fee agreement between the condemnee and his attorney controlled. Because the Appellants failed to raise this argument to the circuit court, it is not preserved for our review. *See Pye,* 369 S.C. at 564, 633 S.E.2d at 510 (holding issues must be raised to and ruled upon by the circuit court to be preserved for appellate review).

## CONCLUSION

Based on the foregoing, we affirm the circuit court.

**AFFIRMED.**

WILLIAMS and THOMAS, JJ., concur.