**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Mary R. Medlin, Respondent,

v.

Fairfield County, South Carolina, a political subdivision of the State of South Carolina, Appellant.

And

Rawley E. Schofield, Respondent,

v.

Fairfield County, South Carolina, a political subdivision of the State of South Carolina, Appellant.

Appellate Case No. 2013-000076

_____

Appeal From Fairfield County
Paul M. Burch, Circuit Court Judge

_____

Unpublished Opinion No. 2014-UP-163
Heard March 5, 2014 – Filed April 2, 2014

_____

**AFFIRMED**

_____

Larry Dwight Floyd, Jr., Parker Poe Adams & Bernstein, LLP, of Columbia, for Appellant.

Creighton B. Coleman, Coleman & Tolen, LLC, of Winnsboro, for Respondents.

---

**PER CURIAM:**  Fairfield County appeals the circuit court award of litigation expenses and costs to Rawley Schofield and Mary Medlin under Section 28-2-510(A) of the South Carolina Code (2007) after a condemnation proceeding and the reasonableness of the award under the *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997) standards.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to the award of attorneys' fees and costs:  *S.C. Dep't of Transp. v. Revels*, 399 S.C. 423, 427, 731 S.E.2d 897, 898 (Ct. App. 2012) (stating the decision to award or deny attorneys' fees under a state statute will not be disturbed on appeal absent an abuse of discretion); S.C. Code Ann. § 28-2-510(A) (2007) (providing "[i]f, in the action challenging the condemnor's right to take, the court determines that the condemnor has no right to take all or part of any landowner's property, the landowner's reasonable costs and litigation expenses incurred therein must be awarded to the landowner").

As to the reasonableness of fees and costs:  *Revels* at 427, 731 S.E.2d at 899 (stating that the specific amount of attorneys' fees awarded under a statute authorizing reasonable litigation expenses is left to the discretion of the trial court and will not be disturbed absent an abuse of discretion); *Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) (providing that an award for attorneys' fees will be affirmed so long as there is sufficient evidence in the record to support each factor).

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**