# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

South Carolina Department of Transportation,
Respondent,

v.

Janell P. Revels and R.J. Poston, Jr., Landowners, and
John Doe and Mary Roe, representing all unknown
persons having or claiming to have any right, title or
interest in or to, or lien on the lands described herein,
including all unknown heirs of Reamer J. Poston, Sr.
a/k/a/ R.J. Poston Sr., deceased, Unknown Claimants,

Of whom Janell P. Revels and R.J. Poston are,
Petitioners.

Appellate Case No. 2012-213378

————————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

————————

Appeal From Marion County
The Honorable Michael G. Nettles, Circuit Court Judge

————————

Opinion No. 27469
Heard October 9, 2014 – Filed December 10, 2014

————————

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

————————

Gene McCain Connell, Jr., of Kelaher Connell & Connor, PC, of Surfside Beach, for Petitioners.

Beacham O. Brooker, Jr., of Columbia, for Respondent.

———————————

**JUSTICE BEATTY:** After prevailing in a condemnation action, landowners ("Petitioners") moved for an award of attorneys' fees pursuant to section 28-2-510(B)(1) of the Eminent Domain Procedure Act (the "Act").[1]

———————————

[1] The Act is codified at S.C. Code Ann. §§ 28-2-10 to -510 (2007). Section 28-2-510(B)(1) states:

> A landowner who prevails in the trial of a condemnation action, in addition to his compensation for the property, *may recover his reasonable litigation expenses* by serving on the condemnor and filing with the clerk of court an application therefor within fifteen days after the entry of the judgment. *The application shall show that the landowner has prevailed, state the amount sought, and include an itemized statement from an attorney or expert witness representing or appearing at trial in behalf of the landowner stating the fee charged, the basis therefor, the actual time expended, and all actual expenses for which recovery is sought.* If requested by any party or on its own motion, the court shall hear the parties with respect to the matters raised by the application and *shall determine the amount of litigation expenses to be awarded*, which must be set forth in a written order to be filed with the clerk of court which becomes part of the judgment. *The court, in its discretion, may reduce the amount to be awarded pursuant to this section, or deny an award*, to the extent that the landowner, during the course of the action, engaged in conduct which unduly and unreasonably protracted the final resolution of the action or to the extent the court finds that the position of the condemnor was substantially justified or that special circumstances make an award unjust.

S.C. Code Ann. § 28-2-510(B)(1) (2007) (emphasis added). "Litigation expenses" are defined as "the reasonable fees, charges, disbursements, and expenses *necessarily incurred* from and after service of the Condemnation Notice, including, but not limited to, *reasonable attorney's fees*, appraisal fees, engineering fees, deposition costs, and other expert witness fees necessary for preparation or

Contrary to Petitioners' view, the circuit court determined attorneys' fees should be awarded based on an hourly rate via a lodestar calculation[2] rather than the contingency fee agreement between Petitioners and their attorney. The Court of Appeals affirmed. *S.C. Dep't of Transp. v. Revels*, 399 S.C. 423, 731 S.E.2d 897 (Ct. App. 2012). This Court granted Petitioners' request for a writ of certiorari to review the decision of the Court of Appeals. We affirm in part, reverse in part, and remand this matter to the circuit court for further proceedings consistent with this opinion.

## I.    Factual / Procedural History

On August 6, 2007, the South Carolina Department of Transportation (the "SCDOT") filed a Notice of Condemnation against Petitioners in which it sought to acquire .314 acres of Petitioners' Marion County property for the construction of the U.S. Highway 378 relocation. Following a two-day trial, a jury returned a verdict in favor of Petitioners in the amount of $125,000.

Subsequently, Petitioners timely filed an application for attorneys' fees and costs pursuant to section 28-2-510(B)(1) in which they sought $28,233.33 in attorneys' fees based on a contingency fee agreement with their counsel. The agreement provided that counsel would represent Petitioners on a contingency fee basis of one-third of the gross amount recovered, less the original $40,300 offered by SCDOT.[3] In order to determine a reasonable attorney's fee, the circuit court requested that Petitioners provide an affidavit outlining the factors identified in *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997).[4]

---

participation in condemnation actions and the actual cost of transporting the court and the jury to view the premises." S.C. Code Ann. § 28-2-30(14) (2007) (emphasis added).

[2] The lodestar figure "is designed to reflect the reasonable time and effort involved in litigating a case, and is calculated by multiplying a reasonable hourly rate by the reasonable time expended." *Layman v. State*, 376 S.C. 434, 457, 658 S.E.2d 320, 332 (2008).

[3] The request for attorneys' fees is based on the following calculation: $125,000 - $40,300 = $84,700/3 = $ 28,233.33.

[4] In *Jackson*, this Court identified the following factors a court should consider when determining a reasonable attorney's fee: "(1) the nature, extent, and

During a hearing before the circuit court, Petitioners asserted the attorney's fee set by their contingency fee agreement was a reasonable award as it complied with the Act and *Jackson*. Therefore, Petitioners claimed the court must first determine whether or not the contingency fee agreement was reasonable before requiring them to provide anything more. In response, SCDOT maintained that attorneys' fees should not be calculated based on a percentage of the jury verdict but, rather, a lodestar analysis as required by *Layman v. State*, 376 S.C. 434, 658 S.E.2d 320 (2008), wherein this Court analyzed an award of attorneys' fees under the state action statute as codified in section 15-77-300[5] of the South Carolina Code.[6] Based on the lodestar doctrine, SCDOT moved for Petitioners' counsel to

---

difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." *Jackson*, 326 S.C. at 308, 486 S.E.2d at 760.

[5] At the time *Layman* was decided, section 15-77-300 provided in relevant part:

> In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:
>
> > (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
> >
> > (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

S.C. Code Ann. § 15-77-300 (2005).

[6] In *Layman*, working retirees and participants in the Teachers and Employee Retention Incentive Program (TERI) brought a class action suit against the State and the South Carolina Retirement System for breach of contract. *Layman*, 376 S.C. at 441, 658 S.E.2d at 324. The suit arose as a result of the State requiring the TERI participants to make pay-period contributions of their salaries into the Retirement System when the statutes codifying these programs did not previously require them to do so. *Id*. On appeal, this Court found in favor of the TERI

provide the court with an itemized statement that identified an hourly rate and the actual number of hours counsel worked on the case.

Citing *Layman*, the circuit court found Petitioners were entitled to an award of attorneys' fees based on an hourly rate rather than the contingency fee agreement. The court awarded Petitioners attorneys' fees in the amount of $16,290, which was based on an hourly rate of $300 per hour for 54.3 hours.[7]

In their motion for reconsideration, Petitioners asserted the court failed to: (1) rule on whether the requested attorneys' fees were reasonable under section 28-2-510(B); (2) consider the case of *Vick v. South Carolina Department of Transportation*, 347 S.C. 470, 556 S.E.2d 693 (Ct. App. 2001), wherein the Court of Appeals approved the use of a contingency fee agreement in a condemnation action; (3) address any of the factors identified in *Jackson*; and (4) apply a lodestar analysis as it "simply ordered a flat rate of $300.00 per hour."  The court denied the motion, ruling that:  (1) Petitioners' request for a reasonableness determination regarding contingency fees was not applicable in light of *Layman*; (2) *Vick* was not applicable based on *Layman*; (3) the factors identified in *Jackson* were not

participants, ordered the return of their contributions, and held that they were no longer required to contribute to the Retirement System.  *Id.* at 442, 658 S.E.2d at 324.  Additionally, we remanded to the circuit court to decide whether counsel for the TERI participants was entitled to attorneys' fees under the state action statute. *Id.*

On remand, the circuit court determined that counsel was entitled to attorneys' fees based on a "percentage of the benefits obtained in conjunction with the amount of work performed in obtaining such results."  *Id.* at 442-43, 658 S.E.2d at 324.  Both parties appealed the circuit court's decision.  *Id.* at 443, 658 S.E.2d at 325.  Because the state action statute provides that "attorneys' fees assessed to the state agency may only be paid 'upon presentation of an itemized accounting of the attorney's fees,'" this Court rejected the utilization of the percentage-of-the-recovery method in awarding attorneys' fees under the statute.  *Id.* at 454, 658 S.E.2d at 330-31 (quoting S.C. Code Ann. § 15-77-330 (2005)).  Instead, we found the lodestar method appropriate "because it equally embraces the theory of fee-shifting embodied in the state action statute, as well as the notion of efficiency established by the Court."  *Id.* at 458, 658 S.E.2d at 332.

[7] The court also awarded Petitioners their requested costs of $6,643.91. These costs, however, are not challenged on appeal.

applicable; and (4) the court properly applied a lodestar analysis in awarding attorneys' fees of $300 per hour.

On appeal, the Court of Appeals affirmed. *S.C. Dep't of Transp. v. Revels*, 399 S.C. 423, 731 S.E.2d 897 (Ct. App. 2012). In so ruling, the court found *Layman* controlled as "section 28-2-510, like section 15-77-300, shifts the source of the prevailing party's attorney's fees to the losing party, the State." *Id.* at 430, 731 S.E.2d at 900. Based on *Layman*, the court found "it is improper to award a percentage-of-the-recovery under a statute that explicitly requires an attorney to state his hours." *Id.* Additionally, contrary to Petitioners' view, the court found "the circuit court was not required to first make a determination regarding the reasonableness of the contingency fee agreement" pursuant to *Jackson*. *Id.* at 433, 731 S.E.2d at 902. The court emphasized that "South Carolina law specifically rejects the notion that a contingency fee contract controls a court's determination of reasonable attorneys' fees due to a plaintiff pursuant to a statute mandating the award of attorney's fees." *Id.* (quoting *Sauders v. S.C. Pub. Serv. Auth.*, C.A. Nos. 2:93-3077-23, 2011 WL 1236163, at *5 (D.S.C. 2011)).

Following the denial of Petitioners' petition for rehearing, this Court granted a writ of certiorari to review the decision of the Court of Appeals.

## II.     Standard of Review

"The decision to award or deny attorneys' fees under a state statute will not be disturbed on appeal absent an abuse of discretion." *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009). "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." *Id.* (citation omitted). "Similarly, the specific amount of attorneys' fees awarded pursuant to a statute authorizing reasonable attorneys' fees is left to the discretion of the trial judge and will not be disturbed absent an abuse of discretion." *Id.* However, where the issue of the amount of attorneys' fees awarded depends on the Court's interpretation of "reasonable" attorneys' fees as contained in the Act, the interpretation of the statute is a question of law that the Court reviews de novo. *See Layman v. State*, 376 S.C 434, 444, 658 S.E.2d 320, 325 (2008) (recognizing that where the issue of the amount of the attorneys' fees awarded hinged on the Court's interpretation of "reasonable" attorneys' fees as contained in the state action statute, the Court would review the interpretation of the statute de novo as it presented a question of law).

## III. Discussion

### A. Arguments

Petitioners raise seven arguments to support their sole contention that the Court of Appeals erred in affirming an award of attorneys' fees that was calculated based on a lodestar method rather than their contingency fee agreement. We consolidated these arguments since Petitioners essentially assert the Court of Appeals erred in:  (1) finding *Layman* controlled as section 28-2-510 rather than section 15-77-300 is the exclusive remedy in awarding attorneys' fees to landowners who prevail in an eminent domain proceeding; and (2) declining to find that *Jackson* requires a court to initially determine whether a contingency fee agreement is reasonable.

### B. Analysis

#### 1. Entitlement to Reasonable Attorneys' Fees

"Under the 'American Rule,' the parties to a lawsuit generally bear the responsibility of paying their own attorneys' fees."  *Layman*, 376 S.C. at 451-52, 658 S.E.2d at 329 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986)).  "This Court and others recognize numerous exceptions to this rule, including the award of attorneys' fees pursuant to a statute."  *Id.* (citing *Jackson*, 326 S.C. at 307, 486 S.E.2d at 759).

"At common law, neither party to an eminent domain proceeding can recover costs and attorney's fees; costs and attorney's fees in such proceedings are generally deemed to be matters for statutory regulation."  2 Robert L. Rossi, *Attorneys' Fees* § 11:35 (3d ed. 2001).  Accordingly, because the "[a]llowance of attorney's fees is a matter of policy to be determined by the legislature, . . . the legislature may enact reasonable provisions to govern an award of attorney's fees in condemnation actions."  29A C.J.S. *Eminent Domain* § 551 (Supp. 2014); *see* 11A Eugene McQuillin, *The Law of Municipal Corporations* § 32:116 (3d ed. 2000 & Supp. 2014) ("Although noting that it would perhaps be fair or efficient to compensate a landowner for all the costs incurred as a result of a condemnation action, the United States Supreme Court has nevertheless declared that such compensation is a matter of legislative grace rather than constitutional command.").  "A statutory award of attorneys' fees is typically authorized under what is known as a fee-shifting statute, which permits a prevailing party to recover

attorneys' fees from the losing party." *Layman*, 376 S.C. at 452, 658 S.E.2d at 329 (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)).

## 2. Fee-Shifting Statute

Here, the General Assembly enacted section 28-2-510, a fee-shifting statute, as part of the Act to authorize landowners who prevail in an eminent domain action to recover reasonable litigation expenses.  S.C. Code Ann. § 28-2-510 (2007).  Without question section 28-2-510 governs the procedure at issue and not the general state action statute codified in section 15-77-300 as the General Assembly explicitly stated, "[i]n the event of conflict between this act and any other law with respect to any subject governed by this act, *this act shall prevail*."  *Id.* § 28-2-20 (emphasis added); *see I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 412-13, 526 S.E.2d 716, 719 (2000) ("Generally, specific laws prevail over general laws, and later legislation takes precedence over earlier legislation.").

Thus, although the discussion in *Layman* provides general guidance regarding the interpretation of fee-shifting statutes, the decision is not dispositive as the Court's analysis must focus on the express terms of section 28-2-510.  *See State ex rel. Dep't of Transp. v. Norman Indus. Dev. Corp.*, 41 P.3d 960, 965-66 (Okla. 2001) ("[F]ee-shifting statutes are interpreted according to their own terms." (footnote omitted)); *cf. Frampton v. S.C. Dep't of Transp.*, 406 S.C. 377, 394, 752 S.E.2d 269, 278 (Ct. App. 2013), *cert. denied* (Aug. 25, 2014) (holding that section 28-11-30, the more specific statute that authorized prevailing landowner's ability to receive attorneys' fees in an *inverse condemnation action*, applied to property owner's claim rather than section 28-2-510, which governs the "typical condemnation case").  As a result, we find the Court of Appeals erred in holding that *Layman* controlled the disposition of the instant case.

Having found that *Layman* is not controlling, we direct our attention to the express terms of section 28-2-510.  As we interpret section 28-2-510, we conclude the General Assembly intended for attorneys' fees to be awarded based on a constellation of factors.  Specifically, section 28-2-510(B)(1) mandates that in order for a prevailing landowner to recover reasonable attorneys' fees he or she must submit an application for fees "necessarily incurred."  S.C. Code Ann. § 28-2-30(14) (2007) (defining "litigation expenses" for prevailing landowner).  This application must contain an "itemized statement" from the landowner's attorney, which includes:  (1) "the fee charged;" (2) the basis for the fee charged; (3) "the actual time expended;" and (4) "all actual expenses for which recovery is sought."  *Id.* § 28-2-510(B)(1).  Because the General Assembly used the word "actual" to

modify the time expended and expenses, the award of attorneys' fees must be reflective of a consideration of the amount of time a landowner's counsel expended on the case. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 369 S.C. 150, 153, 631 S.E.2d 533, 535 (2006) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."). Therefore, by implication, the General Assembly precluded a landowner from recovering attorneys' fees based solely on a contingency fee agreement without regards for section 28-2-510. However, even though the contingency fee agreement is not the sole element in the calculation, it is still a significant component as it may be used to explain the basis for the fee charged by the landowner's counsel.

Our decision should not be construed as somehow condemning or eliminating an attorney's use of a contingency fee agreement. To the contrary, we recognize that the use of these agreements is a legitimate and well-established practice for attorneys throughout our state. This practice may still be pursued. Yet, it is with the caveat that the terms of the agreement are not controlling. Rather, they constitute one factor in a constellation of factors for the court's consideration in determining an award of reasonable litigation expenses to a prevailing landowner under section 28-2-510(B)(1). The court may, in fact, conclude that the contingency fee agreement yields a reasonable fee. However, the court is not bound by the terms of the agreement. *See Silver Creek Invs., Inc. v. Whitten Constr. Mgmt., Inc.*, 307 P.3d 360, 368 (Okla. Civ. App. 2013) (stating, "A fee contract is a matter between the client and the attorney. The amount due under that contract may not serve as a basis for computing an attorney's fee award against the unsuccessful party. It merely reflects the value of those services to the parties bound by that agreement inter se. It is not binding on the court in awarding an appropriate attorney's fee." (citation omitted)).

In light of our ruling, we now turn to Petitioners' assertion that the Court of Appeals erred in declining to find that *Jackson* requires a court to initially determine whether a contingency fee agreement is reasonable.

### 3.    *Jackson* Evaluation

We find that Petitioners misconstrue the import of *Jackson* as they fail to focus on the express terms of section 28-2-510. As previously stated, section 28-2-510(B)(1) authorizes the court to award "reasonable litigation expenses" to a prevailing landowner. Significantly, the statute also states:

*The court, in its discretion, may reduce the amount to be awarded pursuant to this section, or deny an award*, to the extent that the landowner, during the course of the action, engaged in conduct which unduly and unreasonably protracted the final resolution of the action or to the extent the court finds that the position of the condemnor was substantially justified or that special circumstances make an award unjust.

S.C. Code Ann. § 28-2-510(B)(1) (2007) (emphasis added).  Thus, although the court is authorized to award attorneys' fees, it is not required to do so as it may deny an award in its entirety if the circumstances surrounding the litigation do not support an award.

If the court finds that an award is warranted, the court must then consider the "itemized statement" of the landowner's attorney that includes:  (1) "the fee charged;" (2) the basis for the fee charged; (3) "the actual time expended;" and (4) "all actual expenses for which recovery is sought."  S.C. Code Ann. § 28-2-510(B)(1) (2007).  Additionally, as noted above, the court must evaluate the circumstances surrounding the litigation to determine whether the amount of the attorneys' fee award should be reduced.  Therefore, the court's determination for an award of reasonable attorneys' fees is not relegated to a threshold determination of the reasonableness of an agreement between the landowner and his attorney.  While we recognize that contingency fee agreements are common in condemnation actions and are binding on the parties, they are not binding on the court.

After the court reviews the itemized statement, the court may then evaluate the amount of an award pursuant to *Jackson*.  Although the *Jackson* factors are instructive in determining an award of reasonable attorneys' fees, the court is not statutorily required to conduct this evaluation as section 28-2-510 makes no reference to these factors.  Given the statute's silence, we emphasize that a *Jackson* evaluation is neither required nor forbidden under section 28-2-510.[8]

_____

[8]  We note that, in response to *Layman*, the General Assembly amended the state action statute to include a *Jackson* type evaluation.  Act No. 125, 2010 S.C. Acts 1104.  Specifically, subsection (B) was added to provide that:

Attorney's fees allowed pursuant to subsection (A) must be limited to a reasonable time expended at a reasonable rate.  Factors to be applied in determining a reasonable rate include:

If the court chooses to conduct a *Jackson* evaluation, this Court has instructed a court to consider the following six factors: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." *Jackson*, 326 S.C. at 308, 486 S.E.2d at 760. As part of this evaluation, the court must make specific findings of fact on the record for each of the factors. *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 661 (1993) ("When an award of attorney's fees is requested and authorized by contract or statute, the court should make specific findings of fact on the record for each factor. . . . On appeal, absent sufficient evidentiary support on the record for each factor, the award should be reversed and the issue remanded for the trial court to make specific findings of fact.").

Thus, contrary to Petitioners' claim, a contingency fee agreement is part of the determination of reasonableness as it reflects the "basis" for the fee charged; however, it is neither the sole basis for the award nor the controlling factor in the determination. *See* 11A Eugene McQuillin, *The Law of Municipal Corporations* § 32:116 (3d ed. 2000 & Supp. 2014) ("In awarding attorney's fees in eminent domain proceedings, it is the reasonableness of the fee, and not the arrangement the attorney and his or her client may have agreed upon, which is controlling." (footnote omitted)); *Jackson*, 326 S.C. at 308, 486 S.E.2d at 759 ("When determining the reasonableness of attorney's fees under a statute mandating the

---

> (1) the nature, extent, and difficulty of the case;
> (2) the time devoted;
> (3) the professional standing of counsel;
> (4) the beneficial results obtained; and
> (5) the customary legal fees for similar services.
>
> The judge must make specific written findings regarding each factor listed above in making the award of attorney's fees. However, in no event shall a prevailing party be allowed to shift attorney's fees pursuant to this section that exceed the fees the party has contracted to pay counsel personally for work on the litigation.

S.C. Code Ann. § 15-77-300(B) (Supp. 2013). The factors identified in section 15-77-300(B) are identical to those in *Jackson* with the exception of the fourth factor, which involves the "contingency of compensation." Notably, the General Assembly did not amend the Act to include the *Jackson* factors.

award of attorney fees, the contract between the client and his counsel does not control the determination of a reasonable hourly rate."). Accordingly, the Court of Appeals properly rejected Petitioners' claim that *Jackson* required the circuit court to make a threshold determination regarding the reasonableness of the contingency fee agreement.

Applying our ruling to the facts of the instant case, we find the circuit court failed to conduct the proper statutory analysis. Consequently, we remand this matter for further proceedings consistent with this opinion. Additionally, given Petitioners' counsel failed to submit an "itemized statement" that identified the "fee charged" and the actual number of hours expended, we instruct Petitioners' counsel to submit this statement in compliance with section 28-2-510(B)(1).

## IV.  Conclusion

In conclusion, we hold the Court of Appeals erred in finding that *Layman* controlled the outcome of the instant case. Because the Court in *Layman* analyzed the state action statute rather than the Act's specific fee-shifting statute, the analysis was persuasive but not dispositive. However, despite this error, we conclude the Court of Appeals correctly rejected Petitioners' claim that the contingency fee agreement formed the sole basis for awarding attorneys' fees under the Act.

Pursuant to the express terms of section 28-2-510, a court is authorized to either award reasonable attorneys' fees to a prevailing landowner or deny the award in its entirety depending on the circumstances surrounding the litigation. If the court determines that an award is warranted, it must then consider a constellation of factors in calculating the amount of the award. Initially, the court must consider the itemized statement submitted by the landowner's attorney in support of the requested amount of litigation expenses. Once the court reviews this statement in conjunction with the circumstances surrounding the litigation, it may then determine a reasonable award of attorneys' fees.

Given the circuit court failed to conduct the correct statutory analysis, we remand this matter to the circuit court. As part of our remand directive, we instruct Petitioners' counsel to submit an itemized statement in compliance with section 28-2-510(B)(1) as counsel's original affidavit failed to identify the "fee charged" and the actual number of hours expended.

Based on the foregoing, we affirm in part and reverse in part the decision of the Court of Appeals.  In addition, we remand the matter to the circuit court for proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**TOAL, C.J., KITTREDGE and HEARN, JJ., concur.  PLEICONES, J., concurring in result only.**